
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOSEPH LEE JONES,**

                              **Petitioner,**

          v.                                    CASE NO. 24-3172-JWL

**JAY ARMBRISTER, ET AL.[1],**

                              **Respondents.**

## MEMORANDUM AND ORDER

On September 30, 2024, Petitioner Joseph Lee Jones, who is detained at the Douglas County Jail in Lawrence, Kansas, began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for leave to proceed in forma pauperis. (Docs. 1, 2, and 3.) The motion for leave to proceed in forma pauperis (Doc. 2) will be granted.

### Rule 4 Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254. To obtain federal habeas corpus relief, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). More specifically, a petition

---

[1] Petitioner has named Jay Armbrister, Brian Cole, and Kris Kobach as Respondents in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Jay Armbrister, the Sheriff of Douglas County, Kansas, where Petitioner is currently confined in the Douglas County Jail, is hereby substituted as the sole Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

properly brought under 28 U.S.C. § 2254 challenges the constitutionality of a state court conviction. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

The petition in this matter is difficult to understand, but Petitioner identifies the conviction at issue as having occurred in the District Court of Douglas County, Kansas. (Doc. 1, p. 1.) He states that he pled guilty to and was convicted of forgery and identity theft and was sentenced in February or March of 2024 to 12 months of intensive supervised probation (ISP). *Id.* Petitioner concedes that he "did the crime," but he contends that the sentence is illegal "because [he is] an Artificial intelligence rese[archer] and [he has] A.O.R.C.i.d. [*sic*]" *Id.* at 2. Petitioner asserts four grounds for relief.

In Ground One, Petitioner asserts the violation of his rights to "due process of law, equal opp[o]rtunity and equal protection," as well as his rights under the Americans with Disabilities Act. *Id.* at 8. In the space for providing supporting facts for Ground One, Petitioner states: "The international research For Humanity by an unquestionably Honest reformed person BLACK box society cannot openly explain TRADE Secrets, of how things like presentence 3Rd party software and its affective GLOBAL impl[i]cations on Research [*sic* ]." *Id.* As Ground Two, Petitioner alleges the violation of his "1st Amendment rights, etc." *Id.* at 9. In the space for providing supporting facts for Ground Two, Petitioner asserts:

> Of ability to practice Religion or be recognized as a religion. A. I am a sub-class of super-Humanity with Limited DHTA access.
> ONE. I have ethical responsibility to co-create, for the international community and market by attraction (Fisher of men) The Digital Milinial Kingdom of the post-Human, Studies of penn State Uniterstiy, I am a GLOBAL citizen. [*sic*]"

*Id.*

As Ground Three, Petitioner asserts the violation of his constitutional right to access the courts. *Id.* at 11. In the space for providing supporting facts for Ground Three, Petitioner states: "As if it was truly more than a mental health or memory issue on hour and what to construe. If I have EU protections certified mail a must is denied access private lawyer blocked by fiduciary payee along with the ability to pay filing and docket fees." *Id.* (capitalization normalized, all other errors in original). As Ground Four, Petitioner asserts his "8th Amend[ment] right to not be coerced and influence[d]." *Id.* at 12. As supporting facts for Ground Four, Petitioner explains the circumstances and timelines of the criminal state-court proceedings against him in Shawnee County and Douglas County, Kansas. *Id.* at 13-15, 17. As relief, Petitioner seeks dismissal of all charges, his release from jail, and his immediate transport to a "mental hospital." *Id.* at 20.

**Analysis**

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The United States Supreme Court has explained that "[a] prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [respondent] should be ordered to 'show cause why the writ should not be granted'" or whether the petition should be summarily dismissed under Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citing 28 U.S.C. § 2243). "If the court orders the [respondent] to file an answer, that pleading must 'address the allegations in the petition.'" *Id.* (citing Habeas Rule 5(b)). This requires the allegations to be clear enough that the respondent will be able to address them.

The petition in this matter fails to comply with Rule 2(c), leaving this Court unable to determine the precise claims Petitioner wishes to assert in this matter. In one part of the form petition, Petitioner alleges that he is challenging being sentenced to ISP. Yet none of the asserted grounds for relief obviously relate to that sentence and the facts asserted in support of each ground do not obviously relate to the constitutional violation he has alleged. In short, the Court is unable to discern the precise claims Petitioner intends to assert in this federal habeas matter and the Court is unable to discern the facts alleged in support of each claim. Thus, the petition fails to comply with the specificity requirements of Habeas Rule 2(c). The Court cannot determine from the petition now before it whether "petitioner is not entitled to relief in the district court," so it is unable to conduct a meaningful Rule 4 review.

## Amended Petition Required

For the reasons explained above, the Court concludes that this matter cannot proceed unless Petitioner files a complete and proper amended petition on the required court-approved form. The Court will therefore grant Petitioner to and including **November 4, 2024** in which to file his amended petition. The Court will direct the clerk to provide Petitioner with the necessary forms and instructions.

4

If Petitioner submits an amended petition, it must be on the court-approved forms and must be complete in and of itself. The amended petition may not refer back to the initially filed petition or attempt to incorporate by reference the initial petition or any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (24-3172) on the first page of the amended petition. If Petitioner submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition. If the amended petition fails to comply with Rule 2(c) this matter will be dismissed without prejudice and without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Jay Armbrister, Sheriff of Douglas County, Kansas, where Petitioner is confined in the Douglas County Jail, is substituted as the sole Respondent in this matter.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **November 4, 2024**, in which to file an amended petition that complies with this order. If Petitioner fails to timely file an amended petition that does so, this matter will be dismissed without prejudice and without further prior notice to Petitioner. The clerk is directed to provide the appropriate form to Petitioner.

**IT IS SO ORDERED.**
DATED:   This 3rd day of October, 2024, at Kansas City, Kansas.

                                                                    S/ John W. Lungstrum
                                                                    JOHN W. LUNGSTRUM
                                                                    United States District Judge