IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEE JONES,

                Petitioner,

v.                                                               CASE NO. 24-3172-JWL

JAY ARMBRISTER,

                Respondent.

**MEMORANDUM AND ORDER**

Petitioner and state prisoner Joseph Lee Jones seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Docs. 1 and 4.) On October 3, 2024, the Court issued a memorandum and order (M&O) explaining that it had reviewed Petitioner's petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and found that it failed to comply with Rule 2(c) of the same rules. (Doc. 4.) The Court therefore granted Petitioner time in which to file an amended petition that complies with Rule 2(c). *Id.* at 4. This matter comes now before the Court on Petitioner's amended petition and pending motions. Because Petitioner is proceeding pro se, the Court liberally construes his filings, but it may not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Each filing is addressed in the order it was received by the Court.

**Motion for Joinder of Writs and to Supplement Pleading (Docs. 5 and 7)**

On October 7, 2024, Petitioner filed a "Motion for Joinder of Writs [and] Motion to Supplement Pleading, Notice of Cured [I]nmate Account [P]rintout." (Doc. 5.) On October 10,

1

2024, Petitioner filed a document titled "Regarding Joinder of Writs," which the Court considers in conjunction with the motion and hereinafter refers to as the supplemental filing. (Doc. 7.)

Petitioner first asks the Court to join this matter with case number 24-3156, another federal habeas matter Petitioner filed in this Court. (Doc. 5, p. 1.) He explains that he wishes both cases to proceed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 7, p. 1.) The remainder of Petitioner's motion provides information about other cases he has pursued or is pursuing, includes copies of medical and mental health services requests and inmate grievance forms, discusses "fractal law," and includes a copy of a bench warrant issued by the Douglas County District Court in June 2024. (Doc. 5, p. 1-19.) The supplemental filing, among other things, relates Petitioner's efforts to obtain a pardon from the Governor of Kansas and his payment of the filing fee in case number 24-3156, questions whether he is criminally culpable for his actions, alleges that his patent is being used to see into his mind, and expresses his wish to "re-open [his] case on the D.E.A." (Doc. 7, p. 1-3.)

Case number 24-3156 was closed by M&O issued in that case on October 17, 2024, thus the request for joinder will be denied. To the extent that this motion seeks leave to supplement the petition, it will be denied as moot because the Court had already directed Petitioner to file an amended petition in this matter. Petitioner was able to include the supplemental information in that amended petition and did not need the Court's permission to do so. To the extent that this motion can be liberally construed to seek other action from this Court, it will be denied.

## Motion for Preliminary Injunction (Doc. 6)

On October 8, 2024, Petitioner filed a motion for preliminary injunctive relief: his release from jail. (Doc. 6.) Liberally construed, Petitioner explains he has been granted release on bond from "one jail" but not another and he asserts that if bond is appropriate in one case, it must be

2

appropriate in the other. *Id.* at 1. Petitioner speculates that he is being punished for helping other inmates or for filing a protection from abuse (PFA) petition against a lieutenant at the Douglas County Jail. *Id.* Petitioner further alleges that he was moved to medium custody after the PFA petition was served on the lieutenant or as retaliation for his filing grievances and reporting civil rights violations. *Id.* at 2. In addition, Petitioner asserts that someone has tampered with his mail, he is "being forced to pay prisoner file fees [*sic*]," and there can be no criminal culpability for his actions because he is "working for humanity." *Id.* at 2-3.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Petitioner has not set forth a likelihood of success on the merits. As explained in the M&O issued on October 3, 2024, the Court has yet to understand the grounds Petitioner asserts in this matter because the petition did not clearly allege a plausible claim for relief. (*See* Doc. 4, p. 5.) And as explained below, the amended petition similarly fails to clearly identify the grounds for relief.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a mandatory preliminary injunction, such as the one sought by Petitioner, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions are drastic remedies—"the exception rather than the rule—[movants] must show that

they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The Court concludes that Petitioner has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted. He has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. Thus, the motion for preliminary injunction (Doc. 6) will be denied.

### Affidavit of Fact (Doc. 8)

On October 10, 2024, Petitioner filed an "[a]ffidavit of fact." (Doc. 8.) Therein, he states: "Simply put, everything and everyone can be hacked these days, and when no one is safe whom should you call? What could you assume?" *Id.* at 1 (capitalization normalized). Attached to the affidavit is a list of assertions that are difficult to understand, such as "I've been harmed and failed to not be forced to act like I'm in jail"; a copy of the notice of electronic filing Petitioner received when the October 3, 2024 M&O was filed; and a copy of the docket sheet for this case. *Id.* at 2-6. Even liberally construing the filing, the Court sees no request for action therein. To the extent that the information therein could have been intended to affect the Court's rulings on matters in this case, Petitioner is assured that the information has been considered.

### Amended Petition (Doc. 9)

On October 15, 2024, Petitioner filed his amended petition in this matter. (Doc. 9.) Therein, he identifies the conviction being challenged as his 2024 conviction in the Douglas County District Court. *Id.* at 1; (*see* Doc. 1, p. 1). Petitioner concedes that he pled guilty in that case "to please [the] judge." (Doc. 9, p. 2.) Petitioner's submission is missing pages 4 through 13 of the required, court-approved form on which a petition for federal habeas relief must be filed. *See id.* at 2-3. The Court noted on the docket entry for the amended petition that the submission was "missing pages

4

4-13," but Petitioner has filed nothing further. In addition, Petitioner has left blank the portion of the form that identifies the relief being sought. *Id.* at 4.

As explained in the M&O, Rule 4 requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." To obtain federal habeas corpus relief, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Again, the Court liberally construes the pro se amended petition, but it will not act as Petitioner's advocate or construct arguments on Petitioner's behalf. *See James*, 724 F.3d at 1315; *Garrett*, 425 F.3d at 840. It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

The pages missing from Petitioner's amended petition include the pages on which a petitioner is required to set forth the asserted grounds for relief and the specific facts that support each ground. Even liberally construing the pages submitted, that information is nowhere to be found. As explained in the October 3, 2024 M&O, Rule 2(c) requires that a petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." (Doc. 4, p. 3.) The M&O cautioned Petitioner: "If the amended petition fails to comply with Rule 2(c) this matter will be dismissed without prejudice and without further prior notice to Petitioner." *Id.* at 5.

The amended petition fails to comply with Rule 2(c) and asserts no particular grounds for relief, so this matter will be dismissed without prejudice under Rule 4. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) ("Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss

5

the petition without ordering a responsive pleading.").

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the motion for joinder **(Doc. 5)** and the motion for preliminary injunctive relief **(Doc. 6)** are **denied.**

**IT IS FURTHER ORDERED** that this matter is **dismissed without prejudice** under Rule 4 because it plainly appears from the amended petition that Petitioner is not entitled to federal habeas relief in this matter. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 19th day of November, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge